IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALEXIS MARTÍNEZ-ROMERO,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 19-1799 (MEL)

**OPINION AND ORDER**

On February 4, 2020, judgment was entered remanding this case to the Commissioner of Social Security for further administrative proceedings pursuant to the fourth sentence of Title 42, United States Code, Section 405(g). ECF No. 18. On May 1, 2020, counsel Pedro G. Cruz-Sánchez ("Cruz-Sánchez") filed a motion for attorney's fees for the sum of $1,744.63 pursuant to the Equal Access to Justice Act (EAJA), Title 28, United States Code, Section 2412. ECF No. 19. In support of this motion, Cruz-Sánchez submitted a time sheet totaling 8.5 hours of work. ECF No. 19-1. Eventually, as informed by the Commissioner of Social Security, Cruz-Sánchez consented to a negotiated fee of $1,400.00. ECF No. 20. As a result, EAJA fees were awarded in the amount of $1,400. ECF No. 21.

Pending before the court is Cruz-Sánchez's petition for attorney's fees in the amount of $9,000.00 pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b). ECF Nos. 24; 24-2. No response has been filed by the Commissioner of Social Security. Cruz-Sánchez's motion for § 406(b) attorney's fees clarifies that it was not until March 1, 2022 that Cruz-Sánchez received various Notices of Award for the plaintiff Alexis Martínez-Romero and his auxiliaries. Local Rule 9 of this court, amended on February 28, 2022, provides in its pertinent part that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. §406(b) shall have

thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld." Cruz-Sánchez's motion for §406(b) attorney's fees was filed on March 15, 2022. ECF No. 24. Therefore, in light of Local Rule 9, as amended, Cruz-Sánchez's petition has been timely filed.

      Cruz-Sánchez § 406(b) petition also clarifies that with respect to the EAJA fees, he "received a check for $1,093.61, because the government applied $306.39 to a debt the Plaintiff had…." *Id.* at 3. Therefore, should § 406(b) fees be awarded in an amount in excess of the EAJA fees awarded, Cruz-Sánchez would have to refund $1,093.61, not $1,400.00. Plaintiff has also submitted a statement under penalty of perjury stating that "[a]ttorney Cruz Sánchez has explained to me that I will receive a refund of the remaining $1,093.61 paid by the Government to offset my attorney fees, if and when he receives a larger fee for the work performed in federal court." ECF No. 24-4 at 3.

      Cruz-Sánchez petition for attorney's fees pursuant to section 406(b)(1) for the sum of $9,000.00 does not exceed 25% of plaintiff's and his family's past-due Social Security benefits as specified in the Notice of Award. ECF No. 24-2. Plaintiff has indicated that he is satisfied with the work performed by Cruz-Sánchez. A copy of the fee agreement between plaintiff and counsel has been submitted, which states, among other matters, that "I understand that the Social Security Administration is supposed to hold out 25% of the past-due benefits and pay the approved fee to my attorney." ECF No. 24-1 at 2.

Although Local Rule 9 requires that a request for attorney's fees under section 406(b) must include, among other matters, "[a]n itemization of the time expended by counsel representing plaintiff in federal court, including a statement as to the effective hourly rate …, calculated only for the purpose of determining whether the requested fee is a windfall", such statement is not included in Cruz-Sánchez's petition for §406(b) fees. However, the court will take into account the time sheet provided by plaintiff's counsel when he submitted his request for EAJA fees, indicating a total amount of time spent of 8.5 attorney hours. ECF No. 19-1. Thus, the *de facto* rate, when taking into account the petition for $9,000.00 in fees and the 8.5 hours expended, is $1,058.82 per hour.

The *de facto* rate, however, is not the only factor taken into consideration. In the end, court's inquiry makes an assessment as to the reasonableness of the petition for attorney's fees.[1] Another factor to be placed into the equation, for example, is that there is no indication that counsel's conduct has been improper or that his representation was substandard. The court has also evaluated a list of variables highlighted by Cruz-Sánchez in support of his petition. *See,* ECF No. 24, at 4-5. Nevertheless, Cruz-Sánchez's request for $9,000.00 in attorney's fees is excessive, particularly taking into account that in this case the Commissioner of Social Security filed a consent motion to remand (ECF No. 16), thus sparing plaintiff from having to file a detailed memorandum in support of the request to reverse the decision of the Commissioner of Social Security. "Within the 25 percent boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered" and not "inordinately large." *Gisbrecht v. Barnhart,* 535 U.S. 789, 805-807 (2002). Although here Cruz-Sánchez's

---

[1] Cruz-Sánchez attaches to his petition declarations from other attorneys and decisions from other courts regarding attorney's fees in Social Security cases. ECF Nos. 24-5, 24-6 and 24-7. Each case, however, must be evaluated individually, taking into account multiple factors, and while it may be reasonable to fully award 25% of past-due Social Security benefits in attorney's fees in a particular case, that is not automatically always the case.

petition is less than 25% of the awarded past-due Social Security benefits, the sum of $9,000.00 requested is not reasonable, not only because of the excessive *de facto rate*, but also because, among other matters, prior to the judgment entered by the court remanding this case to the Commissioner of Social Security, plaintiff's counsel did not have to write a single motion or pleading that exceeded two pages in length. ECF Nos. 1, 2, 3, 5, 12. Moreover, none of those succinct filings contain any legal analysis and some rely on boilerplate templates.

Therefore, Cruz-Sánchez's request for attorney's fees under Section 406(b) is GRANTED IN PART AND DENIED IN PART. Attorney's fees under Section 406(b) are awarded for the sum of $6,200.00. Cruz-Sánchez is ordered to, within seven days of receipt of the 406(b) fees, refund plaintiff Alexis Martínez Romero the EAJA fees paid to him pursuant to EAJA.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of October, 2022.

s/Marcos E. López  
U.S. Magistrate Judge